**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>KENNETH AMES<br><br>    Debtor<br><br>―――――――――――――――――<br><br>KENNETH AMES<br><br>    Plaintiff<br><br>v.<br><br>CRAIG N. ZIMMERMAN d/b/a LAW OFFICES OF CRAIG N. ZIMMERMAN<br><br>    Defendant | Chapter 13<br>Case No. 11-40020-MSH<br><br><br><br><br><br><br>Adversary Proceeding<br>No. 14-04010 |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS OR TO COMPEL ARBITRATION**

This matter arises from a motion to dismiss or in the alternative to compel arbitration filed by Craig N. Zimmerman, the defendant in this adversary proceeding. Mr. Zimmerman believes that the proceeding commenced by the debtor in the main case, Kenneth Ames, should be dismissed for, among other reasons, the failure of Mr. Ames's complaint to state a claim and the court's lack of personal jurisdiction over Mr. Zimmerman. Alternatively, Mr. Zimmerman requests that Mr. Ames be compelled to participate in arbitration as required in the legal services agreement between Mr. Zimmerman and Mr. Ames. Because the parties agreed to arbitrate all

1

disputes between them, I will grant the motion to compel arbitration, modify the automatic stay for that purpose and stay further proceedings until completion of arbitration.

Background

Mr. Ames filed a voluntary petition under chapter 7 of the Bankruptcy Code (which is title 11 of the United States Code) on December 30, 2010. In May 2011, his case was converted to one under chapter 13. On February 17, 2014, Mr. Ames commenced this adversary proceeding against Mr. Zimmerman.

The dispute here arises from a legal services agreement entered into by the parties on February 5, 2010. Under the agreement Mr. Ames, a resident of New Hampshire whose principal asset was at all relevant times located in Massachusetts,[1] hired Mr. Zimmerman's law firm, the Law Offices of Craig N. Zimmerman, located in California, to settle certain of his unsecured debts. While not specifically identified, the debts are defined in the agreement as "Referred Accounts." Pursuant to the agreement, Mr. Ames agreed to pay Mr. Zimmerman $700 each month for 60 months which Mr. Zimmerman would use to settle the Referred Accounts. The agreement also entitled Mr. Zimmerman to charge various fees for his services which he could deduct from the funds paid by Mr. Ames. According to the statement of financial affairs accompanying his bankruptcy petition, Mr. Ames made ten $700 payments to Mr. Zimmerman between March and November 2010. The complaint alleges that Mr. Zimmerman failed to use any of the $7,000 Mr. Ames paid him to settle with Mr. Ames's creditors and instead used the funds to pay himself. Mr. Ames accuses Mr. Zimmerman of breaching his fiduciary duty to Mr.

---

[1] The location of Mr. Ames's principal asset is the basis for his filing his bankruptcy petition in Massachusetts. *See* 28 U.S.C. § 1408.

Ames (count II), engaging in fraud, deceit and misrepresentation (count III) and unjustly enriching himself (count IV). Mr. Ames also seeks an accounting (count I).

The legal services agreement includes an arbitration provision that states:

> Client and Law Firm understand and agree that any dispute or controversy between the parties against the other . . . arising from or related to the Law Firm and/or its agents or representatives, including the applicability of this arbitration clause, shall be resolved by neutral binding arbitration by The American Arbitration Association (AAA). . . . This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1-16. Judgment upon the award may be entered in any Court having jurisdiction. THE PARTIES UNDERSTAND THAT THEY WOULD HAVE HAD THE RIGHT OR OPPORTUNITY TO LITIGATE THROUGH A COURT AND HAVE A JUDGE OR JURY DECIDE THEIR CASE BUT THEY VOLUNTARILY AND KNOWINGLY CHOOSE TO HAVE ANY DISPUTES DECIDED THROUGH ARBITRATION. (emphasis in original)

Each page of the legal services agreement appears to be either signed or initialed by Mr. Ames.

## Positions of the Parties

Mr. Zimmerman argues that the complaint should be dismissed because the court lacks personal jurisdiction over him, venue is improper, Mr. Ames fails to state a claim upon which relief can be granted and the action is barred by relevant statutes of limitations. Alternatively, he suggests that the court should enter an order compelling arbitration based on the arbitration provision contained in the legal services agreement.

In addition to denying the bases for dismissal raised by Mr. Zimmerman, Mr. Ames argues that the bankruptcy court has discretion to decline to enforce arbitration clauses. He points to a District of Massachusetts bankruptcy case, *In re Payton Construction Corp.*, 399 B.R. 352 (Bankr. D. Mass. 2009), in which the court denied a motion to compel arbitration when there was "an inherent conflict between arbitration and the bankruptcy laws' underlying purposes."

3

Mr. Ames believes that if he were forced to arbitrate, "arbitration would take place presumably in a distant, thus far unidentified forum . . . under unfamiliar rules" resulting in "substantial and likely unjustifiable" "cost and delay." He suggests that neither he nor the bankruptcy estate should have to "give up a potentially valuable asset or incur such cost and delay."

Discussion

The arbitration provision in the legal services agreement states that it is governed by the Federal Arbitration Act. This Act "established a strong policy in favor of arbitration," declaring that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Sternklar v. Heritage Auction Galleries, Inc. (In re The Rarities Grp., Inc.)*, 434 B.R. 1, 7 (D. Mass. 2010) (citing in part the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*). "The FAA's mandate, however, can be overridden . . . [i]f Congress intended to preclude a waiver of judicial remedies for certain statutory rights." *Sternklar*, 434 B.R. at 7. Thus courts consider (i) whether the parties agreed to arbitrate the dispute and (ii) whether arbitration inherently conflicts with the Bankruptcy Code. *Sternklar*, 434 B.R. at 8; *Highway Solutions LLC v. McKnight Constr. Co. (In re Highway Solutions)*, 07-31461, 2009 Bankr. LEXIS 2392, at *5–6 (M.D. Ala. Aug. 24, 2009). If there is a valid arbitration agreement and arbitration does not conflict with the Code, courts compel arbitration consistent with the FAA's policy. *See Sternklar*, 343 B.R. at 1*; In re Highway Solutions*, 2009 Bankr. LEXIS 2392 at *5–10; *cf. Compucredit Corp. v. Greenwood*, 132 S. Ct. 665, 668, 673 (2012) (holding that the FAA required arbitration when class action plaintiffs bringing claims under the Credit Repair Organization Act agreed to be bound by an arbitration provision in a credit card application).

As to part one of the *Sternklar* analysis, Mr. Ames and Mr. Zimmerman agreed to arbitrate disputes arising under the legal services agreement. The agreement provides that "any dispute or controversy between the parties against the other . . . arising from or related to the Law Firm and/or its agents or representatives, including the applicability of this arbitration clause, shall be resolved by neutral binding arbitration." The claims by Mr. Ames against Mr. Zimmerman arise from the legal services agreement; hence they fall within the scope of the agreement's arbitration provision. Indeed, Mr. Ames does not question the scope or applicability of the arbitration language apart from arguing that it is pre-empted by the Bankruptcy Code.

As for the second part of the analysis, "that Congress intended to preclude [arbitration] for the claim at issue," *Sternklar*, 434 B.R. at 8, Mr. Ames does not show how arbitration of the particular dispute at hand conflicts with any Congressional intent inherent in the Bankruptcy Code. In *Sternklar*, the district court stayed proceedings on multiple complaints filed by a chapter 7 trustee and instructed the bankruptcy court to compel arbitration. 434 B.R. at 4, 24. It did so because the trustee's claims were based on the debtor's prepetition transactions under contracts which contained arbitration provisions. *Id.* at 8–9, 11. Focusing on the subject matter of the underlying dispute to determine whether to compel arbitration, the court referred to the rationale of the United States Court of Appeals for the Fifth Circuit in *Insurance Co. of North America v. NGC Settlement Trust and Asbestos Claims Management Corp. (In re National Gypsum Co.)*, 118 F.3d 1056 (5th Cir. 1997). *Sternklar*, 434 B.R. at 9–10. In *National Gypsum,* the Fifth Circuit distinguished "a bankruptcy court['s] . . . discretion to refuse to enforce an otherwise valid arbitration agreement when the underlying nature of a proceeding derives exclusively from the Bankruptcy Code" from instances where the proceeding is based on "the

5

prepetition legal or equitable rights of a debtor." *Sternklar*, 434 B.R. at 9–10 (citing *National Gypsum*, 118 F.3d at 1067, 1069*)*. Faced with the former situation, the Fifth Circuit found it appropriate to deny a motion to compel arbitration because forcing the parties to arbitrate would "conflict with the purposes of the Code, including 'the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders.'" *Sternklar*, 434 B.R. at 9–10 (citing *National Gypsum*, 118 F.3d at 1067, 1069*); see also In re Highway Solutions*, 2009 Bankr. LEXIS 2392, at *10 (noting that "the policy favoring determining claims in a centralized forum refers to claims against the debtor and not claims by debtors against others"). But there is no such conflict with the Code's purposes "when the dispute at issue does not implicate core aspects of the adjustment of debtor/creditor relations [and] instead . . . remains rooted in the pre-bankruptcy past." *Belton v. GE Capital Consumer Lending, Inc. (In re Belton)*, 12-23037, 2014 Bankr. LEXIS 4679, *14 (S.D.N.Y. Nov. 10, 2014).

    Applying the legal analysis in *Sternklar* and *National Gypsum* leads me to conclude that the subject matter underlying Mr. Ames's complaint does not warrant overriding the arbitration provision to which the parties agreed in the legal services agreement. This litigation arises from Mr. Ames's claims that Mr. Zimmerman kept for himself the $7,000 Mr. Ames paid under the legal services agreement. As in *Sternklar*, this controversy arises from a pre-petition contract and pre-petition transactions between Mr. Ames and Mr. Zimmerman. Mr. Ames fails to identify any claims or rights established in the Bankruptcy Code that are implicated in this dispute. He also fails to explain how arbitration inherently conflicts with the Code's purposes, instead voicing

6

vague concerns about an unidentified forum, unfamiliar rules, and potential costs and delays if the parties are compelled to arbitrate their dispute.

In order to effectuate the relief being granted, it is necessary to grant the defendant stay relief under § 362 of the Bankruptcy Code so that arbitration may proceed. Section 362(d) permits a court to terminate, annul, modify or condition the automatic stay. Based on the circumstances of this dispute, I will modify the automatic stay to permit the parties to arbitrate this matter pursuant to the arbitration provision of their legal services agreement but require that arbitration take place in Massachusetts.

## Conclusion

Mr. Zimmerman's motion to compel arbitration is granted and the automatic stay is modified to allow the parties to proceed with arbitration in Massachusetts. The court will stay further proceedings on the complaint pending the conclusion of arbitration. A separate order shall issue.

Dated: February 24, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   David G. Baker, Esq.
Boston, MA
for the plaintiff

Karen E. Friedman, Esq.
Lurie, Lent & Friedman, LLP
Boston, MA
for the defendant